# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 25-cr-456-KKM-AAS

DESIREE DOREEN SEGARI,

    Defendant.

_____

# ORDER

    Segari posted two allegedly threatening videos on TikTok.[1] *See* Criminal Compl. ¶¶ 6–12. In the first video, Segari "express[es] that people wearing a MAGA hat should be shot on sight" and makes a corresponding shooting gesture with her right hand. *Id.* ¶ 9. The second video contains similar statements, gestures, and references. *See id.* ¶¶ 7–12. In the "selfie" videos, Segari calls for a "new movement" titled "see MAGA choo MAGA" and repeats the onomatopoeia of "pew pew" while balling her fist and pointing her index finger to mimic a firearm. *See id.*

    In September 2025, a grand jury indicted Segari for transmitting in interstate commerce a true threat to injure other persons in violation of 18

---

[1] The parties have not provided the videos, but presented these general facts at a status conference. The facts correspond to the FBI special agent's affidavit in support of the criminal complaint, and Segari admits them in her motion to recuse.

U.S.C. § 875(c). Indictment at 1. Segari moves for my recusal on the basis that my impartiality might reasonably be questioned because my husband is affiliated with the current administration. Mot. (Doc. 29) at 1.

I.     **LEGAL STANDARDS**

Section 455 codifies reasons for recusal, only the first of which is relevant here. *See* 28 U.S.C. § 455(a)–(b). Under Section 455(a), a judge should recuse herself "when there is an appearance of impropriety." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). The test "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). "Recusal decisions under § 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (per curiam) (citation modified).

Any doubt must be resolved in favor of recusal. *See United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989). But "there is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *In re Moody*, 755 F.3d at 895 (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "[A] judge, having been assigned to a case, should not recuse [herself] on unsupported, irrational, or highly

2

tenuous speculation." *Id.* (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam)).

## II.   ANALYSIS

Segari argues for recusal under Section 455(a) primarily because my husband, Chad Mizelle, served in the current administration and has publicly commented about other events involving threats against persons or groups that either work for, or are often associated with, President Trump. Mot. at 2–4. Segari, in quoting at length from *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988), also suggests recusal based on my personal knowledge of the facts. *See* Mot. at 4–5. Segari does not identify—specifically or even generally—what these facts are. *See id.*

The last argument is quickly resolved. I have no knowledge of any facts about Segari or her case outside those that the parties have presented. Segari identifies no fact to the contrary.

Regarding the core of Segari's contention for recusal, the Eleventh Circuit has held that "[a]n interest which a judge has in common with many others in a public matter is not sufficient to disqualify [her]" because the speculative interests are too attenuated to suggest any personal bias or impartiality. *United States v. Alabama*, 828 F.2d 1532, 1541–42 (11th Cir. 1987) (quoting *In re City of Houston*, 745 F.2d 925, 929–30 (5th Cir. 1984)). That my husband has publicly voiced support of President Trump or opposition

3

to political violence squarely places me in a group of many Americans on matters of public concern. Segari's dislike of those Americans, however, does not render all who support (or oppose) President Trump per se unqualified to serve on the jury, nor does it render me—because my husband has supported President Trump—per se not impartial to preside over her trial.

While recusal decisions "must be judged on their unique facts and circumstances" more than through comparison to precedent, *In re Moody*, 755 F.3d at 895, the Eleventh Circuit's reasoning in *Alabama* is instructive. There, although the defendants moved under both Section 455(a) and (b), the court considered challenges analogous to Segari's and held that recusal was unwarranted even though Judge Clemon's children were members of the plaintiff class in a civil rights action. *See Alabama*, 828 F.2d at 1541–42. Moreover, the Eleventh Circuit concluded recusal was not warranted based either on Judge Clemon's prior representation of plaintiffs in similar civil rights actions or on his public statements on related subjects as a political figure in the Alabama State Senate. *Id.* at 1543–44.

Segari's statements in the videos were not directed at my husband in particular but ostensibly at millions of Americans who support the current administration. My husband has never publicly commented on Segari's videos, and I am unaware whether he has ever seen them. Rather, Segari's factual premise for impartiality stems from President Trump's description of my

4

husband as a "MAGA warrior" and a media outlet's announcement that my husband said he would "continue to support the Trump administration's work" after he left government service. Mot. at 3. Even if those facts applied to me directly (which they do not), they would be insufficient for recusal here in a criminal case that is not about the identity of the target of an alleged threat but about whether the government can prove beyond a reasonable doubt each element of the charged offense. These are fact questions solely for a jury.

Segari moves for my recusal, not based on my public opinions, my prior representation of a related party, or my family members' involvement as a party, but on my husband's service in the government and his public views of *other* instances of threats (notably Segari does not identify what he said about those other instances, nor have I watched the referenced news show). Even if my husband's actions would necessitate recusal had they been mine, there are two potential problems with this tangential inference of partiality.

First, my husband's views are not attributable to me. To suggest otherwise is sexist, condescending, and negated by common experience. Second, Segari's argument presumes that I cannot fairly preside over an action in which a defendant dislikes the political party with which my husband is associated. Federal judges are not so delicate, and I am no exception. As such, an "objective, disinterested, lay observer" would not in the present circumstances harbor a significant doubt about my impartiality.

Once again, *Alabama* provides a useful comparison. There, the Eleventh Circuit noted that "[t]o disqualify minority judges from major civil rights litigation solely because of their minority status is intolerable." *Id.* at 1542. Segari's argument is even more attenuated because she seeks recusal not based on my status, but because of my husband's affiliation with the current administration. The rule she suggests is analogous to requiring federal judges married to members of racial minority groups to recuse in any hate crime prosecution involving those minority groups. No one would countenance such a rule.

Segari's imputation to me of my husband's views on threats cases—views Segari does not identify—is baseless. And my husband's association with the current administration is too speculative and attenuated for an impartial observer to harbor reasonable doubt about my impartiality. There are no grounds for recusal.

### III.   CONCLUSION

Accordingly, the following is **ORDERED:**

1.   Defendant Segari's Motion for Recusal (Doc. 29) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 21, 2025.

Kathryn Kimball Mizelle
United States District Judge

6