# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                      Case No. 25-cr-456-KKM-AAS

DESIREE DOREEN SEGARI,

    Defendant.
_____

## ORDER

    A grand jury charged Defendant Segari with transmitting an interstate threat based on her TikTok videos calling to shoot persons wearing MAGA hats. Segari has twice moved for my recusal.

    In her first motion, Segari argued that my impartiality might reasonably be questioned because my husband worked in the current administration and has publicly commented about other threats against persons or groups that are often associated with President Trump. Mot. (Doc. 29) at 1–4. I denied that motion. Order (Doc. 30). Among other reasons, I explained that Segari's statements were not directed at my husband in particular, which makes any connection too remote to require recusal. I also explained the logical fallacies implicit in her partiality argument: either that my husband's views about other incidents are attributable to me or that I am incapable of fairly presiding over

the action because Segari dislikes the administration in which my husband served.

Segari again moves for my recusal, this time arguing that the earlier order demonstrated "pervasive bias" against her. Sec. Mot. (Doc. 31) at 4–6. Ruling against a party alone never amounts to "pervasive bias" warranting recusal. *See, e.g.*, *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Beyond general dislike of the ruling, Segari takes issue with one statement in particular. I described the "tangential inference of partiality" that my husband's views must be mine as "sexist, condescending, and negated by common sense." Order at 5. Segari mistakes that critique of an argument for an ad hominin attack. Sec. Mot. at 5. It is not. And she fails to identify any other basis for recusal under the "pervasive bias" exception. *See Liteky v. United States*, 510 U.S. 540, 551, 555 (1994) (holding that the exception applies when judicial conduct is "so extreme as to display clear inability to render fair judgment," such as a judge's statement casting aspersions upon all German-Americans); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329–30 (11th Cir. 2002) (per curiam) (holding insufficient to show bias a judge's statement that counsel had an "inexplicable hypersensitivity to racial differences"); *Parrott v. Wilson*, 707 F.2d 1262, 1272 n.22 (11th Cir. 1983) (holding insufficient a judge's accusation that counsel violated the law); *Phillips v. Joint Legis. Comm. on Performance & Expenditure*

*Rev. of State of Miss.*, 637 F.2d 1014, 1020 (5th Cir. 1981) (holding insufficient a judge's previous "racial reactions" that were "outmoded," "improper," and "unseemly" because they were "not gratuitous insults and do not show overt hostility").

Accordingly, the following is **ORDERED:**

1. Defendant Segari's Second Motion for Recusal (Doc. 31) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 8, 2025.

Kathryn Kimball Mizelle
United States District Judge